GALVESTON, H. & S. A. R. Co. et al. v.
           SELIGMAN. (No. 6341.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1920. Rehearing Denied March 10, 1920.)

1. PLEADING ⊕⇒205(2)—PETITION NOT STATING CAUSE OF ACTION SUBJECT TO GENERAL DEMURRER.

Where after reading every reasonable intendment into a petition it still states no cause of action, a general demurrer thereto should be sustained.

2. APPEAL AND ERROR ⊕⇒742(2)—ASSIGNMENT ON GENERAL DEMURRER SHOULD NOT BE JOINED WITH ONE ON SUFFICIENCY OF EVIDENCE.

An assignment as to a general demurrer to the petition should not be joined with an assignment questioning the sufficiency of the evidence to sustain a verdict for plaintiff.

3. AGRICULTURE ⊕⇒8—DAMAGES FOR ADDITIONAL SEEDING OF LAND WITH JOHNSON GRASS NOT SUPPORTED BY PROOF.

In an action against a railroad company for damages to land from additional seeding with Johnson grass, permitted to grow upon the right of way, evidence *held* insufficient to support the measure of damages which is the reasonable cost of exterminating the additional Johnson grass, and placing the land in the same condition it was in before defendant's wrong.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Action by Julius Seligman against the Galveston, Harrisburg & San Antonio Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for appellants.

Wurzbach & Wirtz, of Seguin, for appellee.

FLY, C. J. This is a suit for damages incurred by appellee through the negligence of appellants in permitting Johnson grass to produce seed on the right of way which were washed therefrom to the land of appellee, setting it with the grass. The suit is against the railway company and the Director General of Railroads, W. G. McAdoo, but Walker D. Hines answered as Director General. The petition fails to show what the items of damages were, whether the land had decreased in value, or what injury was inflicted on the crops. There is only a general allegation of $910 damages. The jury responded to special issues submitted by the court, and on such responses judgment was rendered in favor of appellee for $650.

[1, 2] The jury found that the railway company, during the years 1917 and 1918, permitted Johnson grass to seed on its right of way contiguous to the land of appellee; that his land had been damaged by the seed and roots washing on the land; that it had been damaged thereby; that there was no difference in the market value of appellee's land, with the Johnson grass planted by appellants and without; and that the land was infested with Johnson grass when appellee bought it. Neither the pleadings nor the findings of the jury indicate upon what basis a verdict for $650, or any other sum, could rest. Appellants urged a general demurrer to the petition, and it should have been sustained, for, reading every reasonable intendment into it, there is no cause of action stated. However, there is no contention on this ground made by appellants, the only propositions made under the assigments assailing the action of the court in overruling the general demurrer being that the evidence did not show that the land was contiguous to the railway right of way. This was probably caused by the fact that the assignment as to the general demurrer was joined with an assignment questioning the sufficiency of the evidence to sustain a verdict, which should not have been done.

Without a detailed consideration of the different assignments of error, it may be stated that they are sufficient to raise the question as to there being no evidence to sustain the verdict of the jury. Outside of the evidence of appellee that his land had been damaged in value $100 an acre there was no testimony whatever of any damage to land or crops, and there was no basis in the pleadings for any proof of damage to land or crops, unless a general allegation of damages in a round sum is sufficient to authorize proof of any and all kinds of damages. If that could be a sound proposition, still when the jury found that there was no damage to the land, they found in effect that there was no damage at all.

[3] Appellee testified that his land, 70 acres, lay along a public road, 60 feet wide, which lay along the railroad right of way; that there was Johnson grass on the land in 1917, when he took possession; that if his land was absolutely free of Johnson grass it would be worth $100 per acre more than with the grass. He admitted that he could not swear that there was more Johnson grass on his land than when he bought it. He swore that he was suing for $910 damages to 70 acres of land. He did not claim any expense in cultivating the land caused by the negligence of the railway company. It is true that he swore that he paid $100 to a tenant in 1918 to keep down the Johnson grass, but not Johnson grass sowed by appellant. All he wanted was damages to his land, which he fixed at $910, but the jury rejected his testimony as to that damage, and to all intents and purposes found against him on damages,

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for they found that the land was infested with Johnson grass when he bought it, and that there was no difference in the market value of the land when appellee bought it and its market value at the time of the trial. Appellee in his testimony did not make any claim that there was any difference, but merely that the land without Johnson grass would be worth $100 more an acre than with it. He did not claim that the whole of the 70 acres was infested, and there was testimony tending to show that from 3 to 5 acres of land only had Johnson grass on it. Henry Merz swore that the Johnson grass on the land was about like it was in 1916, before appellee bought it.

The court charged the jury that—

"The measure of damages to land already infested with Johnson grass, and where additional Johnson grass is deposited on said land resulting from Johnson grass being allowed to mature or go to seed on the right of way of the railroad company, is the reasonable cost of exterminating said additional Johnson grass and placing the land in the same condition it was in before said additional Johnson grass seeds and roots were deposited thereon."

On that measure of damages the jury must have found their verdict for $650 because the court told them:

"Keeping in mind, and being governed thereby, the measure of damages given above, state the amount you find plaintiff has suffered."

The jury answered, "Six hundred and fifty dollars," and yet there was not one iota of evidence tending to show the cost of exterminating the additional Johnson grass. On the other hand, there was no proof of additional Johnson grass. The measure of damages was not supported by allegation or proof.

We feel confident there is no merit in this suit, and the judgment will be reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs.